**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO.   3:10CR73-RJC**

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| **v.**                                       ) | **ORDER** |
| ) | |
| GABRIEL CISNEROS,                ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

**THIS MATTER** is before the Court on defense counsel, Jacob Sussman's "Motion for

Inquiry Into Status of Counsel" (document #47) filed February 24, 2011.  The Court conducted a

hearing on this matter on March 16, 2011.

Having fully considered the arguments, the record, and the applicable authority, the Court

finds that there is no basis for removal of counsel for Defendant, as discussed below.

At the hearing, defense counsel stated that he was appointed counsel for Defendant on May

20, 2010.  Defendant pled guilty on July 8, 2010 and is awaiting sentencing by Chief Judge Robert

J. Conrad, Jr.  Defense counsel explained that he had not had any problems  with Defendant until

late January 2011, when Defendant began filing *pro se* motions with this Court as well as appeals

to the Fourth Circuit raising frivolous jurisdictional issues.  Based on these *pro se* filings, defense

counsel filed the current Motion.

Defendant told the Court that defense counsel had not been" legally" appointed and refused

to answer the Court's questions regarding whether he wished to be represented by Mr. Sussman,

have new counsel, or proceed pro se.  The Court  clarified the attorney-client relationship and

explained to Defendant that there are certain decisions that must be made by him and that there are

other decisions that must be made by counsel such as identifying legal issues, deciding what motions

to file, and what arguments to make to the Court. The Court warned Defendant that since he is represented by counsel, the Court will not consider any *pro se* filings and if Defendant continues to file any motions the Court will strike them from the record.

The Court then questioned defense counsel about the current state of his relationship with Defendant. Defense counsel stated that he could communicate with Defendant and that the relationship had not deteriorated such that he could not effectively represent him in this case.

Based on the above facts, the Court does not find that there is a sufficient basis for removal of counsel for Defendant.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED.**

Signed: March 16, 2011

David S. Cayer
United States Magistrate Judge