UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-566-RJC
(3:10-cr-73-RJC-1)

| | |
|---|---|
| GABRIEL CISNEROS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). The Government has filed a Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7).

### I. BACKGROUND

Petitioner pled guilty in the underlying criminal case to: Count (1), attempted murder of victim 1 in aid of racketeering and aiding and abetting the same (18 U.S.C. §§ 1959(a)(5), 2); Count (2), assault with a dangerous weapon of victim 2 in aid of racketeering activity and aiding and abetting the same (18 U.S.C. §§ 1959(a)(3), 2); and Count (4), discharging a firearm during and in relation to a crime of violence, the assault of victim 2 (18 U.S.C. § 924(c)). (3:10-cr-73, Doc. Nos. 3, 25). As part of his guilty plea, Petitioner waived his direct appeal and post-conviction rights except for claims of prosecutorial misconduct and ineffective assistance of counsel. See (Id., Doc. No. 25 at 6).

The Presentence Investigation Report ("PSR") scored the base offense level as 28 after applying the multiple-count adjustment. (Id., Doc. No. 50 at ¶ 50). Three levels were deducted for

1

acceptance of responsibility, resulting in a total offense level of 25. (Id., Doc. No. 50 at ¶ 53). No Chapter Four enhancement was applied. (Id., Doc. No. 50 at ¶ 51). Petitioner had a total of nine criminal history points and a criminal history category of IV. (Id., Doc. No. 50 at ¶ 67). The resulting advisory guideline range was 84 to 105 months' imprisonment plus a minimum mandatory consecutive sentence of not less than 10 years for the § 924(c) conviction. (Id., Doc. No. 50 at ¶ 86).

The Court adopted the PSR without change and sentenced Petitioner within the advisory range to a total of 220 months' imprisonment comprised of 100 months for Counts (1) and (2), concurrent, and 120 months for Count (4), consecutive. (Id., Doc. No. 69); see (Id., Doc. No. 70). Petitioner filed, then voluntarily dismissed, a direct appeal. See (Id., Doc. No. 73).

Petitioner filed an application with the Fourth Circuit Court of Appeals for authorization to file a second or successive § 2255 Motion to Vacate. The Fourth Circuit denied successiveness authorization as unnecessary and transferred the matter to this Court where it was docketed as the instant § 2255 Motion to Vacate. See (Doc. Nos. 1-1, 1-2). The § 2255 Motion to Vacate was filed under the prisoner mailbox rule on June 17, 2016. Petitioner argues that the § 924(c) conviction and sentence and career offender enhancement violate due process pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1).

This case was stayed for several years during the pendency of United States v. Ali, Fourth Circuit Case No. 15-4433, and United States v. Davis, United States Supreme Court Case No. 18-431. See (Doc. Nos. 3, 4). On August 23, 2019, the Government filed a Motion to Dismiss arguing that the § 2255 Motion to Vacate is waived, procedurally barred, and meritless. (Doc. No. 7). Petitioner was informed of the applicable legal standard and was provided the opportunity to respond. (Doc. No. 8). Petitioner filed a Response, (Doc. No. 11), in which he appears to argue

that he should not be bound by the waiver contained in his plea agreement because it is a broad waiver of a substantive constitutional right, its enforcement would result in a miscarriage of justice because he is actually innocent of the § 924(c) offense, and that the Government "waived its waiver argument" by failing to raise it when the Fourth Circuit transferred the case to this Court. See (Doc. No. 11 at 5). Petitioner further argues that his § 2255 Motion to Vacate is not procedurally defaulted because it was timely filed within a year of Johnson's issuance pursuant to § 2255(f)(3).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation

3

of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner's knowing and voluntary plea included an enforceable waiver of his post-conviction rights except for claims of ineffective assistance of counsel and prosecutorial misconduct, and waived all non-jurisdictional defects. No error occurred, such as sentencing beyond the statutory maximum, that would warrant setting aside the waiver. See Section (3), *infra*. Petitioner's post-conviction challenges were waived by Petitioner's knowing and voluntary waiver, and therefore, the instant § 2255 Motion to Vacate is subject to dismissal.

Petitioner's contention that the Government forfeited its waiver argument by failing to timely raise it is meritless. The Fourth Circuit transferred the § 2255 Motion to Vacate to this Court after Petitioner filed an unnecessary successiveness petition in that Court. The transfer and opening of this civil case triggered the start of the § 2255 proceedings in the instant case that were stayed for several years and recently became ripe for the Court's review. The Government had no obligation to raise the plea's waiver sooner and Petitioner's argument that the Government somehow forfeited its waiver argument is rejected.

For the foregoing reasons, Petitioner's § 2255 claims are barred by his knowing and voluntary post-conviction waiver and the instant Motion to Vacate will therefore be dismissed with prejudice.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner did not raise the present substantive claims of sentencing error on direct appeal. Petitioner's reliance on § 2255(f)(3) is unavailing. Procedural default and time-bar are distinct;

5

showing that the § 2255 Motion to Vacate was timely filed has no bearing on the procedural default analysis. Petitioner has failed to demonstrate any exception to avoid the procedural default by showing cause and prejudice or actual innocence, and therefore, Petitioner's claims are procedurally defaulted from collateral review and are subject to dismissal with prejudice.[1]

**(3)    Merits**

Even if the instant claims were not waived and procedurally defaulted, they would fail on the merits. Petitioner contends that he was improperly sentenced as a career offender and that his § 924(c) conviction is invalid under Johnson v. United States, 135 S.Ct. 2551 (2015).

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[2] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016).

Petitioner's career offender claim is factually baseless as no Chapter Four sentencing enhancement was applied and, in any event, such a claim is squarely foreclosed by precedent because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

The Supreme Court recently held that § 924(c)(3)(B)'s residual clause[3] is unconstitutionally vague under the principles set forth in Johnson. United States v. Davis, 139

---

[1] Assuming that the novelty of Petitioner's legal claims would establish "cause," his claims are meritless so he is unable to establish prejudice or actual innocence, and thus, cannot escape the procedural default bar. See Section (3), *infra*.

[2] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the ACCA residual clause.

[3] Section 924(c) provides for enhanced sentencing for any person who uses or carries a firearm or possesses a firearm in furtherance of any crime of violence or drug trafficking crime. A "crime of violence" is defined under § 924(c) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) *that by its nature, involves a substantial risk that physical force against the*

6

S.Ct. 2319 (2019). However, Petitioner's § 924(c) challenge fails on the merits because his conviction is supported by § 924(c)'s force clause without regard to the unconstitutional residual clause.

The VICAR statute punishes certain violent acts committed by a defendant:

> for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so…

18 U.S.C. 1959(a).

To establish a defendant's guilt under VICAR, the Government must prove: "(1) that the organization was a RICO enterprise; (2) that the enterprise was engaged in racketeering activity as defined in RICO; (3) that the defendant in question had a position in the enterprise; (4) that the defendant committed the alleged [violent crime]; and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise." United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994).

The VICAR predicate in the instant case is assault with a dangerous weapon in aid of racketeering activity. 18 U.S.C. § 1959(a)(3). Common law assault is the "(1) willful attempt to inflict injury upon the person of another … or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." Kinard v. United States, 2017 WL 4350983 at *5 (W.D.N.C. Sept. 29, 2017). Section 1959(a)(3) heightens simple assault by additionally requiring the use of a dangerous weapon, that is, an object with capacity to endanger life or inflict serious bodily harm. See United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995). By requiring both common-law assault and the

---

*person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924 (emphasis added). The italicized portion of the definition is referred to as the § 924(c) residual clause.

use of a dangerous weapon, § 1959(a)(3) has as an element the use, attempted use, or threatened use of physical force against the person of another. See Franklin v. United States, 2018 WL 3094888 (W.D.N.C. June 22, 2018) (concluding that a § 1959(a)(3) violation satisfies ACCA's force clause). Assault with a dangerous weapon or assault resulting in serious bodily injury therefore categorically qualifies as a crime of violence under § 924(c)'s force clause. See generally United States v. Mathis, 932 F.3d 242 (4th Cir. 2019) (applying the categorical approach to the commission of VICAR by committing first-degree murder under Virginia law); see, e.g., United States v. Mills, 378 F.Supp.3d 563 (E.D. Mich. April 30, 2019) (assault with a dangerous weapon in aid of racketeering under VICAR is a crime of violence under § 924(c)'s force clause); United States v. Jones, 2017 WL 3725632 (W.D. Va. Aug. 29, 2017) (same); Cousins v. United States, 198 F.Supp.3d 621 (E.D. Va. 2016) (same).

Petitioner pled guilty to assault with a dangerous weapon in aid of racketeering activity and aiding and abetting the same, and thus, he admitted all the elements of § 1959(a)(3). See United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010) (aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law" such that he necessarily commits all the elements of the underlying offense); In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) ("Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery."); 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). Petitioner's predicate offense is therefore a crime of violence under § 924(c)'s force clause and his § 924(c) conviction is valid notwithstanding Johnson and Davis.

Petitioner's challenge to his § 924(c) conviction is therefore meritless and would be denied even if his claim was not waived and procedurally defaulted from § 2255 review.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate and will grant the Government's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7), is **GRANTED.**

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 14, 2019

Robert J. Conrad, Jr.
United States District Judge