UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-561-RJC
(3:10-cr-73-RJC-1)

| | |
|---|---|
| GABRIEL CISNEROS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on *pro se* Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner pleaded guilty in the underlying criminal case to: attempted murder in aid of racketeering in violation of N.C. Gen. Stat. §§ 14-17 and 14-2.5, and 18 U.S.C. § 1959(a)(5) and 2; assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3) and 2; and discharging a firearm during and in relation to a crime of violence, *i.e.*, the attempted murder in aid of racketeering, in violation of 18 U.S.C. § 924(c). (3:10-cr-73 ("CR") Doc. Nos. 3, 25). Petitioner was sentenced to a total of 220 months' imprisonment. (CR Doc. No. 69). He filed a direct appeal which he then voluntarily dismissed, Fourth Cir. Case No. 11-4219. See (CR Doc. No. 73).

Petitioner then filed a Motion to Vacate in in which he raised a claim pursuant to Johnson

1

v. United States, 576 U.S. 591 (2015), Case No. 3:16-cv-566.[1] The Motion to Vacate was dismissed and denied on November 14, 2019. Cisneros v. United States, 2019 WL 6048044 (W.D.N.C. Nov. 14, 2019).

In 2020, Petitioner filed an Application for leave to file a second or successive Motion to Vacate in the Fourth Circuit, Fourth Cir. Case No. 20-387. He argued that, in light of United States v. Davis, 139 S.Ct. 2319 (2019),[2] his § 924(c) conviction is invalid. The Application was denied on August 3, 2020. (20-387 Doc. No. 5).

Petitioner has now filed the instant Motion to Vacate in which he argues that his § 924(c) conviction is invalid pursuant to United States v. Simmons, 999 F.3d 199 (2021), *as amended,* 11 F.4th 239 (4th Cir. 2021)[3] because RICO conspiracy is not categorically a crime of violence. He argues that Simmons is a new, fundamental change of law that applies retroactively on collateral review.

## II.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

---

[1] Petitioner filed an Application in the Fourth Circuit to file a second or successive Motion to Vacate which was denied as unnecessary; the matter was then transferred to this Court where it was docketed as a § 2255 action. See (3:16-cv-566, Doc. Nos. 1-1, 1-2).

[2] The Supreme Court held in Davis that the residual clause of § 924(c) is unconstitutionally vague.

[3] In Simmons, the Fourth Circuit held that RICO conspiracy in violation of 18 U.S.C. § 1962(d) is not a crime of violence pursuant to § 924(c)'s force clause, even when it is denominated as "aggravated." The Court notes that Petitioner's § 924(c) conviction was based on attempted murder in aid of racketeering in violation of § 1959(a)(5), and not conspiracy. This Court has previously determined that the attempted murder in aid of racketeering in Petitioner's case qualifies as a crime of violence under § 924(c)'s force clause. See Cisneros, 2019 WL 6048044 (citing United States v. Mathis, 932 F.3d 242 (4th Cir. 2019)).

2

However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III.     DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 action over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court dismissed and denied. He has now filed a second § 2255 Motion to Vacate but he does not allege that he has received permission from the Fourth Circuit a second or successive § 2255 petition. A search of PACER reveals that no such authorization has been sought or granted. Accordingly, the instant petition will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

### III.     CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an

3

Case 3:10-cr-00073-RJC   Document 92   Filed 10/28/21   Page 3 of 4

unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: October 27, 2021

Robert J. Conrad, Jr.
United States District Judge

4

Case 3:10-cr-00073-RJC   Document 92   Filed 10/28/21   Page 4 of 4